IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 18, 2004

## STATE OF TENNESSEE v. MICHAEL BRANDON MOTTERN

**Direct Appeal from the Criminal Court for Washington County**
**Nos. 25637, 26445, 25945, 27999B, 28000      Robert E. Cupp, Judge**

---

**No. E2003-00746-CCA-R3-CD**
**June 22, 2004**

---

The defendant pled guilty to two counts of automobile burglary and one count of theft under $500. The Washington County Criminal Court ordered the defendant to serve an effective sentence of five years of incarceration as a Range II multiple offender. During the same hearing, the trial court revoked the defendant's probation from numerous prior convictions and ordered the defendant to serve an effective three-year sentence on those cases. The guilty plea cases and the revocation cases were consolidated on appeal. On appeal, the defendant contends: (1) upon revoking his probation for the prior convictions, the trial court erred by ordering him to serve his original sentences in confinement; and (2) the trial court erred in denying alternative sentencing regarding his new convictions. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

David F. Bautista, District Public Defender; and Deborah Black Huskins, Assistant District Public Defender, for the appellant, Michael Brandon Mottern.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General; and Steven R. Finney, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In March 2001, the defendant pled guilty to six counts of theft under $500, Class A misdemeanors, and four counts of vandalism over $500, Class E felonies. He also pled guilty to one count each of vandalism over $1,000, a Class D felony; attempted simple burglary, a Class E felony; simple burglary, a Class D felony; automobile burglary, a Class E felony; and aggravated burglary, a Class C felony. The defendant received an effective three-year sentence as a Range I offender with sixty days incarceration followed by probation.

In December 2002, the defendant pled guilty to two counts of automobile burglary and one count of theft under $500 for breaking into two vehicles on January 10, 2002, and taking a television and a Play Station from one of the vehicles. Pursuant to the plea agreement, the defendant received an effective five-year sentence as a Range II multiple offender to be served consecutively to the prior sentences. Following a sentencing hearing, the trial court ordered the defendant to serve the five-year sentence in confinement. During the same hearing, the trial court revoked the defendant's probation for the March 2001 convictions and ordered him to serve that effective three-year sentence in confinement, resulting in a total effective sentence of eight years of incarceration.

## I. SENTENCING HEARING

The defendant testified that in October 2001, he was laid off from his job and was unable to immediately obtain employment. He attempted to transfer his probation to Chattanooga where his father resided in order to escape from the drug scene. He explained that with his probation officer's permission, he traveled to Chattanooga on five or six occasions searching for employment, but his efforts were unsuccessful.

The defendant explained that he committed the January 2002 offenses because he was "down on [his] luck" and "high" on Xanax, which he began consuming approximately one month after losing his job in October 2001. He stated he reported these charges to his probation officer one to two days following his arrest.

Cliff Runion, the defendant's probation officer, testified the defendant maintained employment until the end of 2001 and reported to him on a regular basis until April 2002. The defendant reported his January 2002 arrest to Runion on February 28.

Aston Rice, the defendant's sister, testified that if the defendant received alternative sentencing, she would allow the defendant to reside with her and her family in Telford. Rice stated she would provide the defendant with transportation to meetings and to work, and she would report the defendant to the police if he used drugs.

At the conclusion of the hearing, the trial court found the defendant violated the terms of his probation regarding the March 2001 convictions, revoked the defendant's probation, and ordered him to serve his original three-year sentence in confinement. Regarding the January 2002 offenses, the trial court noted the defendant had a lengthy criminal history, which included nine prior felony convictions, and the defendant committed the offenses approximately ten months after he was placed on probation on the prior convictions. The trial court found the defendant's potential for rehabilitation and the possibility of abiding by the terms of probation were "non-existent" and noted the defendant continued to commit similar offenses while on probation. The trial court further found that measures less restrictive than confinement had frequently or recently been unsuccessfully applied to the defendant. The trial court ordered the defendant to serve his effective five-year sentence for the January 2002 offenses in confinement.

## II. PROBATION REVOCATION

The defendant concedes that the evidence was sufficient to support the trial court's finding that he violated his probation regarding his March 2001 convictions. However, the defendant contends the trial court should have imposed less restrictive punishment. We disagree.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, -311. The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation is subject to an abuse of discretion standard of review, rather than a *de novo* standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

Upon finding that a defendant has violated the terms of his probation, a trial court is expressly authorized to order the defendant to serve the entire balance of the original sentence in confinement. *See* Tenn. Code Ann. §§ 40-35-310, -311; State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999). Furthermore, a defendant who is already on probation is not necessarily entitled to an additional grant of probation or some other form of alternative sentencing. State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 Tenn. Crim. App. LEXIS 115, at *4 (Tenn. Crim. App. Feb. 10, 1999), *perm. to app. denied* (Tenn. 1999).

Upon revoking the defendant's probation, the trial court was authorized to order him to serve his original sentences. We conclude the trial court did not abuse its discretion in ordering the defendant to serve his original sentences in confinement.

## III. ALTERNATIVE SENTENCING

The defendant contends the trial court erred in ordering him to serve his sentences for the January 2002 offenses in confinement. The defendant submits the trial court should have imposed a sentence involving community corrections or some other form of alternative sentencing. We disagree.

### A. Standard of Review

This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

Under the 1989 Sentencing Act, sentences which involve confinement are to be based on the following considerations contained in Tennessee Code Annotated section 40-35-103(1):

(A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997); State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

## B. Waiver

We note that eight pages of the sentencing hearing transcript detailing a portion of the trial court's findings are not included in the appellate record. In his brief, the defendant cites to the trial court's findings on these pages in contending that confinement is improper. Furthermore, the defendant's presentence report is absent from the appellate record. It is the duty of the appellant to provide a record which conveys a fair, accurate and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); see State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). Regardless, the record amply supports the trial court's denial of alternative sentencing.

## C. Analysis

We note that the defendant was sentenced for the January 2002 offenses as a Range II multiple offender. Thus, the defendant is not afforded the presumption in favor of alternative sentencing. *See* Tenn. Code Ann. § 40-35-102(6). Although the defendant was, nevertheless, eligible for alternative sentencing, the trial court did not err in imposing confinement. The trial court noted the defendant's long history of criminal conduct, which included nine prior felony convictions and six prior misdemeanor convictions. *See id.* § 40-35-103(1)(A). The trial court further found less restrictive measures had recently been unsuccessfully applied to the defendant and that the defendant's potential for rehabilitation was poor. *See id.* § 40-35-103(1)(C), (5). The defendant committed two counts of automobile burglary and one count of theft under $500 while on probation for committing similar offenses. Therefore, we conclude the trial court properly ordered the defendant to serve his effective five-year sentence for the January 2002 offenses in confinement.

Accordingly, we affirm the judgments of the trial court.

_____
JOE G. RILEY, JUDGE

-4-